UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE DORSEY-HALL,<br>    *Plaintiff*<br><br>VERSUS<br><br>MAUREEN MORROW, ET AL.,<br>    *Defendants* | CIVIL ACTION<br><br>NO.  25-256<br><br>SECTION: "T" (1) |

## ORDER AND REASONS

This is an employment discrimination case pursuant to Title VII of the Civil Rights Act. Before the Court is the Motion to Dismiss filed by defendant Maureen Morrow (Rec. Doc. 7). As Morrow correctly argues, individuals cannot be held liable for employment discrimination under Title VII under Fifth Circuit precedent. Thus, plaintiff cannot state a claim against Morrow individually. Accordingly, the Motion to Dismiss (Rec. Doc. 7) is GRANTED; plaintiff's Complaint against Morrow is dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Background

Plaintiff Monique Dorsey-Hall alleges that she experienced race discrimination and a hostile work environment while she was employed as a staff attorney at Southeast Louisiana Legal Services ("SLLS"). She alleges that she was scrutinized by managing attorney Maureen Morrow in a way that white attorneys were not. She filed this lawsuit against both SLLS and Morrow under Title VII of the Civil Rights Act.

The parties consented to proceed before the undersigned magistrate judge under 28 U.S.C. § 636(c). Rec. Doc. 9. Trial is set to begin on December 15, 2025. The deadline to complete discovery is September 19, 2025. Presently before the Court is Morrow's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Law and Analysis

1. <u>Standard on Motion to Dismiss</u>

Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Importantly, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

2. <u>Individual Liability under Title VII</u>

It is settled Fifth Circuit law that "there is no individual liability for employees under Title VII." *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002); *see Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003) ("Unlike § 1981, however, relief under Title VII is available only against an employer, not an individual supervisor or fellow employee."); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("While Title VII defines the term employer to include 'any agent' of an employer, [42 U.S.C.] § 2000e(b), this circuit does not interpret the

statute as imposing individual liability for such a claim."); *see also Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012).

Plaintiff Dorsey-Hall encourages this Court to reject that precedent and engage in a fresh interpretation of the statutory language. The Court declines to do so. First, the cases Dorsey-Hall cites that purportedly support her position that an individual can qualify as an employer under Title VII do not even do so. In *Sauers v. Salt Lake County*, the Tenth Circuit recognized that an individual qualifies as an employer under Title VII but went on to explain that "[i]n such a situation, the individual operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knew of the individual's conduct." 1 F.3d 1122, 1125 (10th Cir. 1993). Moreover, the Tenth Circuit later cited *Sauer* for the principle that "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

Dorsey-Hall also cites *York v. Tennessee Crushed Stone Ass'n*. There, Sixth Circuit similarly held that a supervisor can be liable under Title VII—but in his *official* capacity. 684 F.2d 360, 362 (6th Cir. 1982). And the Fifth Circuit case of *Garcia v. Elf Atochem North America* contained, at most, dicta that "The purpose of extending 'employer' status to immediate supervisors is to hold liable those with power over the plaintiff which exceeds that of mere co-workers." 28 F.3d 446, 451 (5th Cir. 1994), *abrogated on other grounds by Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998). The *Garcia* court did not impose individual liability on any supervisors (assuming "arguendo" that the supervisor defendant could be an employer for purposes of Title VII). *Id.* at 451. Id. And as discussed above, the Fifth Circuit's interpretation of the law is now clear that there is no personal liability for individual supervisors under Title VII.

3

Dorsey-Hall seems to encourage the Court to re-interpret the statutory language defining "employer" as including "any agent." In *Miller v. Maxwell's International Inc.*, the Ninth Circuit explained that by including the agents of an employer within the statutory definition of "employer" under Title VII, Congress did not intend to impose individual liability on employees but instead intended to impose liability on the employer for actions of its agents under respondeat superior. 991 F.2d 583, 587-88 (9th Cir. 1993). The *Miller* court observed that Title VII limits liability to employers with fifteen or more employees "in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims." Id. at 587. Thus, the *Miller* court found, it was "inconceivable that Congress intended to allow civil liability to run against individual employees." Id. The Fifth Circuit cited the *Miller* court's reasoning in *Grant v. Lone Star Co.*, when it concluded that "Title VII does not permit the imposition of liability upon individuals unless they meet Title VII's definition of 'employer.'" 21 F.3d 649, 653 (5th Cir. 1994) (cleaned up). Indeed, the Fourth Circuit observed in 1998 when it held that supervisors are not liable in their individual capacities under Title VII that the Second, Third, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, and D.C. Circuits had all come to this conclusion in interpreting Title VII. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998).

Dorsey-Hall has presented no colorable basis on which to diverge from these decisions and find that Morrow could be liable in her individual capacity under Title VII.

Conclusion

Because individuals cannot be held liable for employment discrimination under Title VII under Fifth Circuit precedent, Dorsey-Hall cannot state a claim against Morrow individually. Accordingly, the Motion to Dismiss (Rec. Doc. 7) is GRANTED; Dorsey-Hall's Complaint against Morrow is dismissed with prejudice for failure to state a claim upon which relief may be granted.

5

New Orleans, Louisiana, this 1st day of July, 2025.

                                           _____
                                                       Janis van Meerveld
                                             United States Magistrate Judge